State v. Hardcastle.

THE STATE, JAMES HODGE, prosecutor, *vs.* JOHN HARD-CASTLE, Collector of Bridgewater, Somerset county.

1. Where an assessment of a tax for the purpose of building a school-house is ordered under the act of 1851 (*Nix. Dig.*, 739, *pl.* 42,) the sworn certificate delivered by the trustees to the assessor, stating that notice of the meeting was given, " in accordance with the act," is not sufficient. The certificate should state what the notice was, when and where copies were put up, and all the facts necessary to show that the law has been complied with.

2. The notice of the meeting should state that the meeting is to consider and decide whether the taxable inhabitants will authorize the trustees to raise additional money by tax for the purpose of maintaining a free school or schools in the district.

This was a *certiorari* to the collector of the township of Bridgewater, Somerset county, to review a certain assessment of tax made by the assessor on James Hodge, the prosecutor, for the purpose of maintaining a free school in Willow Grove district, No. 13, in said township, for the year 1855.

Argued before ELMER, POTTS, and VREDENBURGH, Justices, by *Shipman* and *Dilts* for the prosecutor, and *Ransom*, for the defendant in *certiorari*.

The opinion of the court was delivered by

POTTS, J. The authority to assess and collect a tax for the purpose of maintaining free schools in any school district, is derived from the eleventh section of the supplement to the act to establish public schools. *Nix. Dig.* 739, *pl.* 42. The taxation must be assented to by the taxable inhabitants of the district, who are to be convened in public meeting by a notice signed by at least two of the trustees; the notice must set forth the time, place, and purposes of the meeting, and be set up in at least three public places in the district ten days before the day of meeting; and two-thirds of those present must concur in

voting the tax.   Then two, at least, of the trustees are required to make out and sign a certificate thereof under oath, and deliver it to the assessor; and this is his warrant to assess the tax.

The prosecutor denies the validity of the assessment against him, and the collector returns the assessment, and the certificate under which it was made.

This certificate sets forth "that notice was made to the taxable inhabitants of Willow Grove school district, No. 13, in accordance with the act entitled 'An act to establish public schools,' asking said taxable inhabitants to meet in the school-house of the district, to vote for or against making the school a free school.   It also states that a meeting was held, agreeably to notice, on the 17th of April, 1855, and a resolution adopted, by more than a two-thirds vote, empowering the trustees to raise by tax upon the property of the district $250, for the purpose of maintaining a free school."

The certificate is the only written and authenticated evidence required by the act of the fact that such a tax has been duly authorized.   For no record is directed to be made of the proceedings of the trustees, or of the meeting convened by them.   It should show on its face that the law has been in all respects complied with.   The power to impose special taxes is an important one; and the only limit to the power to raise money by tax for the purposes mentioned in the eleventh section of the supplement is that which may be fixed by a two-thirds vote of the taxable inhabitants convened by a notice setting forth the purposes for which they are to be convened.   Legal notice to the tax-payers lies at the foundation of the whole authority.

Now, the certificate in this case says that notice was given "in accordance with the act."   It should go further, and state what the notice was, and where and when copies of it were set up, in order that it may *appear* that it was in accordance with the act, by something more than the

State v. Allen et al.

simple allegation of the trustees. The certificate states furthur, that it was given in accordance with the act entitled "An act to establish public schools," when in point of fact the act referred to contains no authority for any such proceeding. The authority for the proceeding is found alone in an act entitled "A supplement to the act entitled an act to establish public schools." It is said, in answer to this objection, that a supplement is part of the original act, and that a reference to the original act, by implication, includes the supplements. But this is not strictly correct. They are different and distinct acts, passed at different times, though relating to the same general subject. But this mistake in the reference would be immaterial if it appeared that the legal notice had been given; that is the important matter. Again the certificate sets out that the notice was given " asking said taxable inhabitants to meet to vote for or against *making the school a free school.*" This was stating the purpose of the meeting too indefinitely. The notice should have stated that it was to consider and decide whether the taxable inhabitants would authorize the trustees *to raise additional money, by tax, for the purpose of maintaining a free school or schools in the district.*

For the reason that it does not appear upon the face of the certificate that the law was complied with, the assessment in this case must be set aside.

CITED *in State* v. *Browning,* 3 *Dutch.* 535. *Affirmed,* 3 *Dutch.* 551; *State* v. *Browning,* 4 *Dutch.* 568; *State* v. *Garrabrant,* 3 *Vr.* 445; *State* v. *Sullivan,* 7 *Vr.* 90; *State* v. *Palmer,* 10 *Vr.* 251.